UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 6:25-cr-289-PGB-DCI

KARRIEM AZIZ GLASTER

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE,
PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney

for the Middle District of Florida, hereby files this Notice of Maximum Penalties,

Elements of Offense, Personalization of Elements and Factual Basis, stating as

follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. § 2252A(a)(1) and (b)(1),

transportation of child pornography, are as follows:

First:        the Defendant knowingly transported in interstate or foreign
              commerce an item or items of child pornography; and

Second:       when the Defendant transported the items, the Defendant
              believed the items were child pornography.

The essential elements of a violation of 18 U.S.C. § 2252A(a)(5)(b) and (b)(2),

Possession of Child Pornography, are as follows:

First:        The Defendant knowingly possessed an item or
              items of child pornography;

Second:       The item(s) of child pornography had been shipped
              and transported using any means and facility of interstate and
              foreign commerce;

Third:    When the Defendant possessed the item(s), the Defendant believed the items were child pornography; and

Fourth:    The visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age.

## PENALTY

The penalty for the offense charged in Count One of the Indictment is a mandatory minimum term of imprisonment of 5 years up to 20 years, a fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count for individuals. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

The penalty for the offense charged in Count Two of the Indictment is up to 20 years imprisonment, a $250,000 fine, a $100 special assessment, and a minimum five-year term of supervised release up to life.

Under the Amy, Vicky, and Andy Child Pornography Victim Restitution Act of 2018, the Court "shall order" restitution in an amount that reflects defendant's "relative role in the causal process that underlies the victim's losses," but not less than $3,000 in restitution per victim. The Defendant is subject to an additional

special assessment (which shall be imposed regardless of whether a victim is participating in the case) of up to $17,000.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Additionally, the defendant must forfeit property, pursuant to 18 U.S.C. § 2253, as outlined in the Indictment. Among the items that will be forfeited are the following: an Apple iPad Pro 4, seized from the defendant or on about December 23, 2023 and used in the commission of Counts One and Two.

## PERSONALIZATION OF ELEMENTS

On or about December 23, 2023, in the Middle District of Florida, and elsewhere:

Count One

First:     Did you knowingly transport in interstate or foreign commerce an item or items of child pornography?

Second:     When you transported the items, did you believe the items were child pornography?

3

Count Two

| First: | Did you knowingly possess an item or items of child pornography? |

First:    Did you knowingly possess an item or items of child pornography?

Second:    Were the items of child pornography shipped or transported using any means and facility of interstate and foreign commerce, including by computer?

Third:    When you possessed the items, did you believe the items were child pornography?

Fourth:    Did the visual depiction involve a minor who had not attained 12 years of age?

### FACTUAL BASIS

On December 23, 2023, Karriem Aziz Glaster entered at the Port of Entry at Port Canaveral, Florida on an internationally operated cruise ship and encountered Customs and Border Protection (CBP) and Homeland Security Investigations (HSI). The ship had just returned from an ocean voyage that left Port Canaveral on December 16, 2023. The ship made several international stops to include: Amber Cover, Dominican Republic on December 20, 2023; and Grand Turk, Turks and Caicos Islands on December 21, 2023.

The cruise ship is a foreign flagged vessel, registered with Bahamas. GLASTER was a passenger aboard the seven-day roundtrip cruise to the Bahamas, Dominican Republic and Grand Turk.

Upon conducting a border search examination of GLASTER's Apple iPad Pro, a CBP officer observed multiple videos of Child Sexual Abuse Material (CSAM) in the Files Folder Application. The children in the videos ranged from approximately 8 to 11 years of age. Glaster spontaneously uttered to the CBP officer

4

that he downloaded pornography and showed him where on the iPad. One of the videos was a 13-year-old from Ukraine that he said he purchased for $39.99 on the internet.

One of the videos Glaster had on his iPad, titled OXI Ls-Magazine Lsm 04-08_all(full) (Anya 10Yo & Masha 8Yo).mp4 is approximately 15 minutes and 21 seconds in length and depicts two pubescent females in the nude dancing in the kitchen. The pubescent females (8 to 11 years of age) are putting a white food substance on their bodies and licking the substance. Throughout the video, the camera zooms in focusing on the genital area.

The second video GLASTER had on his iPad, titled LMS Ls-Magazine Anya & Oxi Lolita.mp4 is approximately 8 minutes and 41 seconds in length and depicts two pubescent female (8 to 11 years of age) in the nude, showering together and using soap to wash their bodies. Throughout the video, the camera zooms in focusing on the genital area.

GLASTER had his iPad and iPhone in his possession while traveling outbound from the United States to the Bahamas, Dominican Republic and Grand Turk, and re-entered the United States with the iPhone and iPad at Port Canaveral, Florida. GLASTER thus transported the child pornography in or affecting foreign commerce. It was also determined through a digital forensic examination of the iPad, that both videos described above were accessed on or about December 22, 2023, while GLASTER was on board the vessel.

5

HSI agents interviewed GLASTER after he waved his *Miranda* Rights. During the interview, GLASTER stated that he is the sole owner of the iPad that was in his possession at the time of the encounter. GLASTER advised that his iPad is password protected and no one else has access to it. GLASTER stated that he had the images/videos of child sexual assault material (CSAM) that he purchased and downloaded, on his iPad prior to leaving Port Canaveral.

HSI completed a forensic examination on January 22, 2025 and found there were 1,002 CSAM files on the iPad tablet and iCloud account, which included bondage, bestiality and infant abuse.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  /s/ *Stephanie A. McNeff*
Stephanie A. McNeff
Assistant United States Attorney
Florida Bar No. 1003060
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-mail: Stephanie.mcneff@usdoj.gov

6

**U.S. v. KARRIEM AZIZ GLASTER**          **Case No. 6:25-cr-289-PGB-DCI**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

    Katherine Puzone, Esq.
    Counsel for defendant


                        */s/ Stephanie A McNeff*
                        Stephanie A. McNeff
                        Assistant United States Attorney
                        Florida Bar No. 1003060
                        400 W. Washington Street, Suite 3100
                        Orlando, Florida 32801
                        Telephone:   (407) 648-7500
                        Facsimile:    (407) 648-7643
                        E-mail: Stephanie.McNeff@usdoj.gov