## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**

**KARRIEM AZIZ GLASTER**            **CASE NO: 6:25-cr-289-PGB-DCI**

_____

### CASE MANAGEMENT ORDER ON SENTENCING

**IT IS HEREBY ORDERED** that the sentencing hearing will be held on **August 6, 2026** at **11:00 AM** before United States District Judge Paul G. Byron, in Courtroom 4B, United States District Court, 401 West Central Blvd, Orlando, Florida.  The sentencing hearing is scheduled for forty-five (45) minutes.  If any party anticipates that more than forty-five (45) minutes will be needed for the hearing, the party shall advise the Court by way of a Notice within **seven (7) days** of the date of this Order.

**IT IS FURTHER ORDERED** that motions to depart or vary from the sentencing guidelines must be in writing.  The motions to depart or vary from the sentencing guidelines and sentencing memoranda, if any, must be filed not less than five (5) days prior to the sentencing date.  A sentencing memorandum and a motion for variance shall be submitted in a single document **not to exceed 25 pages in length.** Objections to the presentence report are not to be included in

the sentencing memoranda; objections must be submitted to the probation officer and to opposing counsel as a separate document.

**IT IS FURTHER ORDERED** that the parties shall inform the Court in writing, not less than five (5) days prior to the sentencing date, whether testimony is to be presented at the hearing. Any party intending to present testimony shall, also not less than five (5) days prior to the sentencing date, file a Notice containing the names of the witnesses and the estimated length of such testimony. Except for good cause shown, the Court will not allow any testimony that is not disclosed in accordance with this Order.

## TIMING AND CONTENT OF MEMORANDUM OF LAW, THE EXCHANGE OF EXPERT DISCOVERY, AND NOTICES REQUIRED PRIOR TO SENTENCING:

### I.    Objections to the Sentencing Guidelines

When counsel for the Defendant objects to the application of a provision of the United States Sentencing Guidelines, the Defendant may contemporaneously file a memorandum identifying the controlling jurisprudence upon which they rely and shall state with particularity the facts upon which they rely. Where counsel for the Government opposes the Defendant's objection, no later than 10 days prior to the sentencing date counsel for the Government shall file a memorandum identifying the controlling jurisprudence upon which they rely and shall state with particularity the facts upon which they rely in opposing the objection.

No later than three (3) days prior to the sentencing date, counsel for the Defendant may submit a response in opposition to the sentencing memorandum submitted by government counsel.

## II.    Expert Reports

Where counsel for either the Government or the Defendant offers reports prepared by retained experts for use in sentencing proceeding, the raw data used by the expert in arriving at his or her opinion shall be made available for inspection and copying by opposing counsel, or his or her designee, no later than 21 days prior to the date set for sentencing. The party requesting access to the raw data shall be responsible for the costs associated with the production of the material. Nothing in this order precludes the producing party from filing a motion for protective order, setting forth the basis of the motion for protective order including citations to controlling authority.

## III.    Substantial Assistance

A motion to recognize a defendant's substantial assistance, pursuant to U.S.S.G. §5K1.1, shall be filed by the Government no later than 10 days prior to sentencing. The motion shall (1) articulate the nature and scope of the cooperation provided by the Defendant — with sufficient detail to allow the Court to assess the value of the cooperation to the Government, (2) indicate whether the cooperation resulted in criminal charges having been brought against any individual or entity, (3) state whether the cooperation caused or contributed to defendant entering a plea of guilty, and (4) identify the extent to which the cooperating defendant was

placed at risk due to his or her cooperation. When necessary to protect the identity of the cooperating Defendant, the Government may file a sealed motion seeking leave to file the substantial assistance motion under seal, setting forth the basis for request.

### IV.    Aggravating Evidence—Relevant Conduct

When the United States intends to rely upon evidence, including relevant conduct, which is not clearly specified in the Final Presentence Investigation Report, the Plea Agreement, or an affidavit in support of a criminal complaint, government counsel shall file a memorandum setting forth such evidence with particularity. When necessary, the United States may submit the relevant report, document, or recording for *in camera* inspection. If appropriate, counsel for the government may seek leave to file the exhibit under seal. The Government shall file the memorandum and the exhibit(s) no later than seven (7) days prior to the sentencing, and shall serve opposing counsel with a copy. Failure to comply with this provision shall result in the United States having waived the right to present arguments based upon such evidence during the hearing, absent leave of Court obtained **prior** to the sentencing hearing upon a showing of good cause for the noncompliance with this Order.

**DONE AND ORDERED** in Orlando, Florida on June 26, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

4

Copies furnished to:

Counsel of Record