**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 6:25-cr-289-PGB-DCI**

**KARRIEM AZIZ GLASTER,**

**Defendant.**
**_____________________________________/**

**DEFENDANT'S OBJECTION TO UNITED STATES' MEMORANDUM OF AGGRAVATING EVIDENCE**

On September 22, 2026, Mr. Glaster filed his Sentencing Memorandum and Request for Downward Variance. Doc. 68. On September 23, 2026, the Government filed a document entitled "United States' Memorandum of Aggravating Evidence and Motion to File Exhibits Under Seal ("Government Memo")." Doc. 69. For the reasons set forth below, Mr. Glaster requests that this Court not consider the evidence detailed in Government Memo at his sentencing.

1. The evidence detailed in the Government Memo should have been included in the factual basis filed with the Notice of Maximum Penalties, Elements of Offense, Personalization of the Elements and

Factual Bases (Doc. 48). ("NOMP") or the Pre-Sentence Report ("PSR").

2. The PSR includes a detailed description of the offense conduct. PSR ¶¶ 8-15.

3. The deadline for objections and additions to the PSR was September 4, 2026. *See* Initial PSR at 17.

4. The Addendum to the Final PSR states that the "government has not submitted any objections to the Presentence Report or the application of the guidelines." PSR ¶ 26.

5. Much of the purported "additional" aggravating evidence described in the Government Memo is duplicative of evidence in the PSR and NOMP. While there were multiple seizures of Mr. Glaster's devices, there was only a single forensic examination conducted by HSI on January 22, 2025 – after all of the device seizures had taken place. PSR ¶¶ 8-15.

**Exhibit A**

6. The Government's additional aggravating evidence includes a video that "was downloaded on October 8, 2023," prior to the forensic evaluation of Mr. Glaster's devices. Because Mr. Glaster was using a cloud drive, the material detailed in the PSR, NOMP and the

Government's Memo is likely the same. The Government has not submitted any evidence that this "new" material was not included in the forensic search done on January 22, 2025.

**Exhibit B**

7. A summary of the results of the search of Mr. Glaster's iPad and iPhone that were seized in the Middle District of Florida is already included in the PSR and NOMP. PSR ¶ 15; NOMP 4-5. Again, the Government has not submitted any evidence that this "new" material was not included in the forensic search done on January 22, 2025.

**Exhibit C**

8. Exhibit C, the Interview of Mr. Glaster's estranged spouse, K.G., is irrelevant and inflammatory. Moreover, none of the purported "photographs of child relatives" were produced in discovery. The fact that Mr. Glaster was allegedly around minor children when attending events for his nieces and nephews proves nothing since there are no allegations, much less evidence, that Mr. Glaster engaged in any sort of inappropriate conduct with any of these minors.

For these reasons, Mr. Glaster objects to the Court's consideration of the evidence detailed Government Memo at his sentencing.

In the event the Court does consider this evidence, counsel for Mr. Glaster does not object to the Government's request to file the exhibits under seal.

Dated this 25th day of September 2026.

Charles L. Pritchard, Jr.
Federal Defender, MDFL

*/s/Katherine Puzone*
Katherine Puzone, Esq.
Assistant Federal Defender
Florida Bar No. 94491
201 South Orange Avenue
Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: katherine_puzone@fd.org

**CERTIFICATE OF SERVICE**

I Hereby Certify that undersigned electronically filed the foregoing *Objection to the United States' Memorandum of Aggravating Evidence and Motion to File Exhibits Under Seal* with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to the following: Stephanie McNeff, Assistant United States Attorney, this the 25th day of September 2026.

*/s/Katherine Puzone*
Attorney for Mr. Glaster